## NATHANIEL RODES v. THE STATE.

### No. 1651. Decided November 17, 1897.

**1. Fornication—Proof of the Unchastity of the Woman.**

On a trial for fornication, proof that the woman involved in the case had had carnal intercourse with other parties than defendant, would not tend to establish that defendant did not fornicate with her, but would, on the other hand, tend to corroborate the State's case, and was irrelevant and immaterial.

**2. Bill of Exceptions.**

A bill of exceptions to excluded evidence, to be sufficient, must show the object and purpose of the proposed evidence where they are not obvious from the bill itself.

**3. Charge—Requested Instruction.**

Where the court has fully charged upon an issue, it is not error to refuse a requested instruction presenting the same issue in another form.

APPEAL from the County Court of Brazos. Tried below before Hon. W. H. HARMAN, County Judge.

Appeal from a conviction for fornication; penalty, a fine of $50.

Appellant was charged by information with unlawful habitual carnal intercourse with Marzella Pierce, an unmarried woman.

Marzella Pierce testified to numerous acts of carnal intercourse with defendant before defendant was married, and that complaint had not been made against him until after he was married.

Bettie Pierce, mother of the prosecutrix, testified, that after her daughter had informed her that she was pregnant, and that defendant was the author of her condition, she sent for defendant, and when she

told him of her daughter's condition he said that he had treated her wrong, and that he would marry her at once, and afterwards married another woman, and the witness then made complaint against him.

The opinion states the matters complained of in defendant's bills of exception.

*Hudson & Nall,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of fornication, and his punishment assessed at a fine of $50, and prosecutes this appeal.

He offered to prove by John Rodes "that at the time alleged in the information he, the said John Rodes, had carnal intercourse with the witness Marzella Pierce, the paramour of the defendant, and that other men visited her during this time; the State having previously proved by Bettie Pierce, the mother of the paramour, Marzella Pierce, that she, the said Marzella Pierce, was in a pregnant condition, and that she, the said Marzella Pierce, had told her that the defendant was the father of her unborn child and the author of her condition." This was objected to by the State because it was not relevant or material, and further, it would expose the witness to a criminal prosecution; the said witness not being a witness in behalf of the State, but for the defendant, and not asking any protection of the court. This witness would have testified that he, "about the date of the alleged offense, did have carnal intercourse with the said Marzella Pierce, and that other negro men visited her." This testimony was excluded, and exception reserved by appellant.

The object or purpose of this testimony is not stated in the bill, and we are left to infer such object or purpose. A bill, under these circumstances, has often been held in this State to be not sufficient, the purpose of the testimony not being obvious. But if the testimony had been admitted, its effect would have been to show that the said Marzella Pierce was a woman of loose virtue, and tend to corroborate the State's case. This is not like a case of rape, where such testimony would be admissible as tending to show consent; nor is it like a case of seduction, where such testimony would be admissible as tending to show a want of chastity on the part of the alleged seduced female. See Davis v. State, 36 Texas Crim. Rep., 548. If this testimony was offered to prove the fact that the prosecutrix was pregnant by some other person than the appellant, then we fail to see how this would have tended to show that appellant did not commit fornication with her. It would simply have afforded an opportunity, if true, for her to become pregnant by some other man than appellant. This may have been true, and yet this testimony would not tend to prove that appellant had not been guilty of the fornication as charged. The issue in this case was whether appellant

·had committed fornication with the witness Marzella Pierce. She had not testified that no one else had had intercourse with her, nor had she testified that she was pregnant by appellant; so we fail to see how the testimony could possibly go to her impeachment, or to discredit her with the jury.

By his second bill of excceptions, appellant shows that after the State had proved by the prosecutrix that defendant had had carnal intercourse with her on many occasions, he proposed to prove by her that she, about the time alleged in the information, had carnal intercourse with other young negro men, and that others visited her about that time, among whom was Bob Hall, a married man, and further, that Bob Hall had made her a present of some vases. This testimony was ruled out on objection by the State. It will be seen from this statement that this bill does not show the object and purpose of offering this testimony. The same reasons for rejecting this bill apply as stated in the previous paragraph as to the other bill of exceptions.

Appellant requested the court to give a special instruction upon the law in regard to the corroboration of an accomplice. We think the court was correct in refusing the charge. He had fully charged upon the question, and it was not necessary to repeat it in another form.

The record in this case thoroughly sustains the allegations in the information, both to the effect that appellant had habitual carnal intercourse with Marzella Pierce, and that they were not living together during the time.

The judgment is affirmed.

*Affirmed.*

HURT, Presiding Judge, absent.